# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) I.D. No. 1202018751
)
MARSAAN NEWMAN, )
)
Defendant. )

Submitted: April 16, 2025
Decided:  April 25, 2025

*Upon Defendant's Motion for Correction of Illegal Sentence*
**DENIED.**

## **ORDER**

Andrew J. Vella, Chief of Appeals, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware, Attorney for the State of Delaware.

Marsaan Newman, *pro se*, Smyrna, DE.

**WHARTON, J.**

This 24th day of April, 2025, upon consideration of Defendant Marsaan Newman's ("Newman") Motion for Correction of Illegal Sentence,[1] and the record in this matter, it appears to the Court that:

1. Newman pled guilty on September 18, 2012 to Robbery First Degree and Assault Second Degree.[2] A pre-sentence investigation was ordered.[3] On November 16, 2012, this Court declared him a habitual offender pursuant to 11 *Del. C.* § 4214(a) and sentenced him to 45 years of incarceration on the robbery charge.[4] He received an additional eight years in prison, suspended after five years for decreasing levels of supervision on the assault charge. He was not declared an habitual offender on that charge.[5] Newman did not file a direct appeal, but, instead filed a series of unsuccessful sentence modification motions.

2. Now, Newman moves for correction of an illegal sentence. In this motion, Newman cites *Erlinger v. United States*,[6] for the proposition that "almost 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum' was understood at the time of the nation's founding to be a fact a jury must find." He

---

[1] D.I. 65.
[2] D.I. 11.
[3] *Id.*
[4] D.I. 65.
[5] D.I. 40
[6] 602 U.S. 821 (2024) (quoting *Alleyne v United States*, 570 U.S. 99, 111-113 (2013)).

asks the Court to vacate his 45-year sentence and resentence him "without the 4214 enhancement."[7]

3.     Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[8]  A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[9]  The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[10]

4.     Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed.  The Court need only consult the plea agreement signed by Newman to determine he is not entitled to relief under either interpretation of the motion.  The plea agreement reads, "Defendant acknowledges that he is subject to sentencing pursuant to 4214(a) given his convictions for Assault First Degree on April 29, 2003; Escape After Conviction on October 3, 2001; and Robbery Second Degree on March 21, 1997."[11]  Newman admitted his status a

---

[7] *Id.*
[8] Super. Ct. Crim. R. 35(a).
[9] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[10] Super. Ct. Crim. R. 35(a) and (b).
[11] D.I. 11.

habitual offender in the plea agreement.  Just as Newman waived his right to have a jury determine his guilt beyond a reasonable doubt when he entered his guilty plea, so too did he waive his right to have a jury determine his status as a habitual offender.

**THEREFORE**, Defendant Marsaan Newman's Motion to Correct Illegal Sentence **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.